Dear Senator McPherson:
You ask this office if an elected official may also serve as a member of the board of commissioners of the Red River, Atchafalaya, and Bayou Beouf Levee District (the District). Upon a further phone conversation with your office, we understand the elected official is a justice of the peace.
The Dual Officeholding and Dual Employment Laws, R.S. 42:61, et.seq., govern our response to your question. At the outset, note that the Red River, Atchafalaya, and Bayou Beouf Levee District is a political subdivision of the state [see R.S. 38:281 (6)][1] and the position of board member of the District constitutes part-time appointive office. See R.S. 38:291(M)(1)[2]; R.S. 42:62(2)[3]; R.S. 42:62(4) and (5)[4].
R.S. 38:291(M)(2) states that "the governor shall appoint in accordance with the provisions of R.S. 38:304 one person from each of the parishes embraced by the district to serve as levee commissioners." R.S. 38:304
states, in part:
 304. Appointment of members; residency requirements; filling of vacancies
 A. Any person appointed a levee commissioner or levee and drainage commissioner must have resided in this state the preceding two years, resided in the levee district the preceding year, be a qualified voter of one of the parishes included in the district, and reside in the district while serving as a member of the board. *Page 2 
 B. (1) Notwithstanding any law to the contrary, every vacancy now or hereafter created whether by reason of death, resignation, expiration of term, or any other cause occurring in any levee district or levee and drainage district shall be filled by the governor from panels of names submitted as follows: each member of the House of Representative representing a parish or part of a parish lying within a levee district or levee and drainage district shall submit one name for each vacancy to be filled from the parish, which he represents in the legislature within said levee district or levee and drainage district, and each member of the Senate shall submit one name for each vacancy to be filled from the parish or parishes, which he represents in the legislature within said levee district or levee and drainage district, except as provided in R.S. 38:291(P), (T), and (Z).
 (2) In making appointments the governor shall not appoint any person to the board of commissioners to represent a specific parish who was not recommended by one or more of the legislators who represent that specific parish in the legislature except as provided in R.S. 38:291(P), (T), and (Z). All members of the boards of commissioners of levee districts or levee and drainage districts shall be appointed by the governor to serve at the pleasure of the governor making the appointment.
While R.S. 42:63(D) prohibits the holding of local elective office and full-time appointive office, the law does not prohibit the holding of both positions where the latter is held on a part-time basis. See Attorney General Opinion 96-382 (elected alderman could serve as a member of the West Jefferson Levee District board); Opinion 92-501 (elected school board member could serve as a member of the Tensas Basin Levee District board); Opinion 84-264 (elected parish councilman could serve as a member of the Lafourche Parish Levee District board).
Thus, absent incompatibility concerns of which we are unaware, the dual-officeholding laws do not prohibit a local elected official from holding a part-time appointive office as board member for the District. For purposes of the dual officeholding provisions, a justice of the peace also holds local elective office and would not be prohibited by R.S. 42:63(D) from holding part-time appointive office.
However, this opinion is limited to an examination of the dual-officeholding provisions and does not address those provisions of the Code of Judicial Conduct which may be applicable in this matter. The Code of Judicial Conduct is binding on all judges, including justices of the peace. See In re Adams, 959 So.2d 474 (La. 2007). Violations of the Canons contained in the Code of Judicial *Page 3 
Conduct may serve as a basis for disciplinary action by the Louisiana Supreme Court, on recommendation of the Judiciary Commission, as provided for by LSA-Const. Art. V, § 25(C) (1974):
 (C) Powers. On recommendation of the judiciary commission, the supreme court may censure, suspend with or without salary, remove from office, or retire involuntarily a judge for willful misconduct relating to his official duty, willful and persistent failure to perform his duty, persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute, conduct while in office which would constitute a felony, or conviction of a felony. On recommendation of the judiciary commission, the supreme court may disqualify a judge from exercising any judicial function, without loss of salary, during pendency of proceedings in the supreme court. On recommendation of the judiciary commission, the supreme court may retire involuntarily a judge for disability that seriously interferes with the performance of his duties and that is or is likely to become permanent. The supreme court shall make rules implementing this Section and providing for confidentiality and privilege of commission proceedings.
The Code of Judicial Conduct is within the authority of the Judiciary Commission. For this reason, we suggest that you contact the Judiciary Commission, 601 St. Charles Avenue New Orleans, LA 70130, phone: (504) 568-8299 for a final resolution regarding your inquiry.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL
BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
 OPINION 96-382
Mr. Tommy Plaisance, Sr. 1124 Olde Oaks Drive Westwego, LA 70094
78 DUAL OFF1CEHOLDING LSA-R.S. 38:281 et seq,; LSA-R.S. 42:62(9); LSA-R.S. 42:63(D)
Member of West Jefferson Levee District may also hold local elective office of Westwego alderman.
Dear Mr. Plaisance:
Your question is whether a board member of the West Jefferson Levee District may also serve as Westwego alderman. Note at the outset that the West Jefferson Levee District (LSA-R.S. 38:281 et seq.) is a state board and the position of the board constitutes part-time appointive office. The position of Westwego alderman is an elective office under Louisiana's Dual Officeholding and Dual Employment Law. LSA-R.S.42:62(9). The law permits the holding of local elective office and part-time appointive office in the government of the state. See LSA-R.S.42:63(D).
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
RICHARD P. IEYOUB ATTORNEY GENERAL
BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
 OPINION NO. 92-501
78 OFFICERS-DUAL OFFICE HOLDING
There is no prohibition in law that would prevent a member of a perish school board from serving as a member of the Tensas Basin Leave District Board of Commissioners.
Honorable Charles D. Jones State Senator Senate Offices State Capitol Baton Rouge, Louisiana 70804
Dear Senator Jones:
You have requested an opinion of this office as to whether a member of a parish school board may simultaneously serve as a member of the board of commissioners of the Tensas Basin Levee District.
The position on the parish school board is a local elective office and the position on the board of commissoners, which position is established by law as a local part-time appointive position.
Accordingly, there is no prohibition in law that would prevent a member of a parish school board from serving as a member of the Tensas Basin Levee District Board of Commissioners.
Very truly yours,
RICHARD P. IEYOUB Attorney General
By:
KENNETH C. DEJEAN Assistant Attorney General
KCD: ams 1503y
 OPINION NUMBER 84-264
71-1-A . . .MUNICIPALITIES — CITY PARISH CHARIER 78 . . .OFFICERS — DUAL OFFICE HOLDING 63 . . . LEVEES, DRAINAGE: DISTRICTS, FLOOD CONTROL
A person holding an elective office on the St. James Parish Council may legally hold an appointive office on the Lafourche Parish Levee District, unless the work load is as would be more than 7 hours/day and 35 hours/week.
Honorable Joseph Sevario, III State Senator, District 18 State Capitol Baton Rouge, Louisiana 70804
Dear Senator Sevario:
You have requested an opinion of the Attorney General's office relative to the legality of a person, who is an elected member of the St. James Parish Council, also serving as an appointive member of the Lafourche Parish Levee District.
Membership on the St. James Parish Council is an elec-tive office in a political subdivision of the state, and membership on the levee board is an appointive position in another political subdivision of the state (R.S. 38:1031 et seq.).
R.S. 42:63 prohibits a person who holds an elective office in a political subdivision of the state from holding another full-time appointive office in another political subdivision of the state. A full-time office is one in which the officer works, or is expected to work, at least seven hours per day and thirty-five hours per week.
Accordingly, a person holding an elective office on the St. James Parish Council may legally hold an appointive office on the Lafourche Parish Levee District, unless he would work or be expected to work more than seven hours per day and thirty-five hours per week.
Very truly yours,
WILLIAM J. GUSTE, JR. Attorney General
BY: KENNETH C. DEJEAN Chief Counsel
KCD:lg
[1] R.S. 38:281 (6) provides:
 (6) "Levee district" means a political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, and all other things incidental thereto within its territorial limits.
[2] R.S. 38:291(M) provides:
 M. Red River, Atchafalaya, and Bayou Beouf Levee District.
 (1) The territory contained in the following boundaries shall be known as the Red River, Atchafalaya, and Bayou Beouf Levee District: Beginning at the junction of the Red and Atchafalaya Rivers in the parish of Avoyelles, on the east then following the Atchafalaya River, to the mouth of the Courtableau in the parish of St. Landry, then following Bayou Courtableau and Bayou Beouf to the line of the parish of Rapides, and all territory subject to overflow contained in the parishes of Avoyelles and Rapides, as well as that included in the described limits situated in the parish of St. Landry, including particularly the following:
 (a) All that portion of alluvial lands in the parish of Avoyelles embraced and situated within the following described boundaries: All the territory in Avoyelles Parish consisting of alluvial lands subject to overflow, bounded by Red River, the Atchafalaya River, Bayou des Glaizes, and the public road running from David's Ferry, on Red River, to Bayou des Glaizes, by way of Marksville, Mansura, and the Long Bridge at Bout de Bayou;
 (b) All that portion of the alluvial lands in the parish of Avoyelles lying north of the Red River and situated within the following described boundaries, namely: All the territory in Avoyelles Parish, consisting of the alluvial lands subject to overflow and embraced within the following limits: beginning at Cassandria on the line between sections 44 and 50, T3N-R3E, thence down Red River to Saline Bayou; thence following the Saline Bayou, Saline Lake, and Horespan Creek to Line between sections 17 and 18. T4N, R3E; thence south to the Point Maigre Hills and following the east edge of the hills to point of beginning;
 (c) All the area in the parish of Rapides lying between Red River, Bayou Rapides, and Bayou Jean de Jean, and also there shall be included within Red River, Atchafalaya, and Bayou Beouf Levee District all of the property included within the corporate limits of the town of Pineville, Rapides Parish, Louisiana, whether the same is actually subject to overflow or not;
 (d) All the alluvial land now subject to overflow, or that has been overflowed, directly or indirectly, by the waters of the Red River in any year since 1865 on the left descending bank of Red River situated in the parish of Rapides, having for its northern boundary the southem boundary of Grant Parish and for its southern or lower boundary, the hills opposite the left bank of Bayou Rigolette, and following the hills to the upper side of the St. Louis Iron Mountain and Southern Railway right of way and following the right of way to Red River.
 (e) There shall be excluded from the limits of the levee district the following: All that portion of St. Landry Parish lying west of the Atchafalaya River main levee and east of the west guide levee of the West Atchafalaya Floodway as now established extending from Avoyelles Parish line on the north to Bayou Courtableau on the south, with the exception of rights of way and other property belonging to railroads, pipelines, common carriers, or other public utilities. These lands and all property thereon situated, not exempt from taxation, shall be subject to the provisions of this Chapter.
[3] R.S. 42:62(2) states:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[4] R.S. 42:62(4) and (5) state:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.